UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FREDRIC HAYNES,<br><br>    Defendant. | Case No. 22-20003<br>Honorable Laurie J. Michelson |

**ORDER ON DEFENDANT'S MOTION FOR TEMPORARY RELIEF TO ATTEND FUNERAL [61]**

**I.**

Fredric Haynes pled guilty on June 20, 2023, to one count of conspiracy to distribute controlled substances and two counts of possession with intent to distribute controlled substances. (ECF No. 59.) He is scheduled to be sentenced on October 24, 2023. (ECF No. 60.) Haynes is presently detained pending the sentencing. At his initial appearance in California last year, he was ordered detained by the magistrate judge. (ECF No. 21.) He then moved to revoke the detention order (ECF No. 37), which this Court denied. (ECF No. 41.) The Court agreed with the magistrate judge that there were no conditions or combination of conditions that would reasonably assure Haynes' appearance or the safety of the community if Haynes were released. (ECF No. 41.)

Haynes now seeks temporary release to attend his 92-year-old grandfather's funeral in Bakersfield, California, on September 23, 2023. (ECF No. 61; *see also*

Funeral Announcement for Fred Luther Haynes, Jesse E. Cooley Jr. Funeral Service, Inc., https://perma.cc/RV24-XFPW.) While Haynes did not mention his grandfather during his presentence interview with probation, his motion advises that his grandfather played a significant role in raising him and, understandably, he would like to attend the funeral. (ECF No. 61, PageID.410.) Haynes further advises that "the church is not equipped with [video] capabilities." (*Id.*) Thus, Haynes "requests this Court issue an order directing the Marshals to transport [him] to his grandfather's funeral, or an Order allowing [his wife] Capricia Black to take custody of [him] at 8:00 a.m. on September 22, and returning [him] to the Marshals' custody by 12:00 a.m. on September 24, 2023." (*Id.* at PageID.411 (cleaned up).)

The government opposes the request for the same reasons they opposed his pretrial release, including that his significant other is not a suitable third-party custodian. (ECF No. 63, PageID.415; *see* ECF No. 39, PageID.181.) The government was also advised by the Marshals Service that its "policy does not allow inmates to attend a funeral accompanied by deputies." (*Id.* at PageID.414.)

Given the emergency nature of the motion and the sufficiency of the parties' briefing, it will be decided without any further argument. *See* E.D. Mich. LR 7.1(f)(2).

**II.**

Haynes' motion does not cite a basis for temporary release. Generally, release pending sentencing is governed by 18 U.S.C. § 3143. As a result of his guilty plea, Haynes has been convicted of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C.

2

§ 3142(3)(A). Thus, under § 3143 Haynes must be detained pending sentencing unless the Court finds that (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (2) the government recommends that no sentence of imprisonment be imposed, and (3) clear and convincing evidence establishes that Haynes is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2)(A)(i)–(ii) and (B).

Here, there is no showing, let alone a substantial likelihood, that a motion for acquittal or new trial will be granted or that the government is recommending a non-incarceration sentence. To the contrary, Haynes pled guilty and is subject to a ten-year mandatory minimum prison sentence. Thus, the threshold requirements for release pending sentence under § 3143(a)(2) are not met.

But that is not necessarily the end of the inquiry. A defendant subject to detention under § 3143(a)(2) may be released if it is "clearly shown," among other things, that there are "exceptional reasons" why his detention is inappropriate. 18 U.S.C. § 3145(c); *see also United States v. Christman*, 596 F.3d 870, 870–71 (6th Cir. 2010) ("Although we have never explicitly held in a published decision that the district court has authority to release a defendant being detained pursuant to § 3143(a)(2) upon a showing of 'exceptional reasons' under § 3145(c), we have reached that conclusion in an unpublished decision." (citing *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002))). The Sixth Circuit, however, has not definitively ruled on what constitutes the sort of "exceptional reasons" that would justify release pending sentencing, nor does the statute itself define the parameters of an "exceptional

3

reason." But other courts appear to agree that circumstances must be "uncommon," or "rare," and that the reasons should "set[] [the defendant] apart from any one else convicted of" a similar crime or crimes. *See, e.g., United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring).

The Court has no doubt that the death of Haynes' grandfather who may have helped to raise him is of enormous significance and heartbreak to Haynes and his family. But the death of an elderly grandparent is not rare or uncommon. It affects most, including inmates. *See United States v. Kenney*, No. CR-07-66-B-W, 2009 U.S. Dist. LEXIS 121233, at *7 (D. Me. Dec. 30, 2009) ("From the Court's perspective, the death of a family member, even a close family member, does not necessarily cross the threshold from common to exceptional. The death of close family members, though infrequent, is after all inevitable.").[1] Additionally, this particular funeral would involve extensive travel and several overnight stays and would require additional supervision efforts from another judicial district. Even in cases that do not involve mandatory detention pending sentencing, temporary release to attend a family funeral has been denied. *See, e.g., United States v. Knuckles*, No. 22-cr-20129, 2022 U.S. Dist. LEXIS 105046, at *2, 4 (E.D. Mich. June 13, 2022) (denying defendant's

---

[1] While the *Kenney* court allowed the defendant's release to attend his grandmother's funeral, it did so because a number of additional factors made that situation exceptional: (1) the defendant proposed release for a handful of hours, (2) she did not propose remaining out of prison overnight, (3) the wake and funeral were to take place within a relatively short distance from the prison, (4) it would not be necessary for her to cross or be near a state or national line, (5) her crimes (to which she had pled guilty) did not militate against release, and (6) her criminal history did not contain any convictions for crimes of violence or escape. *Id*. at *7–8. *See also United States v. Spinks*, No. 18-cr-00084, 2019 U.S. Dist. LEXIS 86129, at *6 (D. Me. May 22, 2019) (distinguishing *Kenney* and denying defendant's request to attend his grandfather's funeral over 500 miles away that required an overnight stay).

emergency motion for temporary release to attend funeral services for his uncle); *United States v. Patino*, No. 18-20451, 2018 U.S. Dist. LEXIS 148912, at *1 (E.D. Mich. Aug. 31, 2018) (denying defendant's emergency motion for six-day furlough to attend his mother's memorial service/funeral in Miami, Florida).

Moreover, the exception allowing a reprieve from mandatory detention under § 3145 is also subject to the Court finding by clear and convincing evidence that Haynes is not likely to flee or pose a danger. 18 U.S.C. §§ 3143(a)(1), 3145(c). Haynes' motion does not provide much support, other than proposing release to his wife in California or the custody of a United States Marshal. But the Marshals Service opposes Haynes' release on security grounds and does not typically utilize its manpower for these particular circumstances. (ECF No. 63, PageID.414–15.) As for release to Haynes' wife, the Court previously rejected her suitability as a third-party custodian in denying Haynes' initial request for bond. Haynes and Cynthia Black were together during the period of this offense. At that time, Haynes was an active participant in a significant and sophisticated drug distribution conspiracy involving the seizure of multiple kilograms of controlled substances, including fentanyl, and hundreds of thousands of dollars in drug proceeds. One of the Michigan homes connected to this activity had a dangerous assault rifle. Black also had multiple firearms and substantial ammunition in the California home she shared with Haynes. (*Id.* at PageID.415.) And again, Haynes faces a mandatory minimum of ten years of imprisonment and up to life imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.

5

The Court is mindful of and sympathetic to the painful loss that Haynes has suffered. But as another court in this Circuit aptly summarized, "[t]he Court is sympathetic to [defendant's] loss of a loved one and, in this case, the person who [helped] raise[] him as a child. The Court cannot, however, make an exception to the law and permit his release despite the facts of record. Based on those facts, there are no conditions of release that would assure his appearance as required and the safety of the community. The Motion for Temporary Release therefore must be denied." *United States v. Carney*, No. 20-cr-121, 2021 U.S. Dist. LEXIS 21863, at *9–10 (S.D. Ohio Feb. 5, 2021) (denying bond to attend grandmother's funeral).

But there may be another way for Haynes to view the funeral. The government has provided a snapshot of the Church's website indicating that they provide livestreaming of Sunday services for those unable to attend in person. (ECF No. 63, PageID.416.) So Haynes may be mistaken about the Church's video capabilities. If the Church does not livestream funerals, however, his family can record the funeral for him. The Marshals have advised the Court and the government that arrangements can then be made for Haynes to watch the video of the funeral at the Milan Detention Center. (ECF No. 63, PageID.417.) If for some reason that option is not feasible, the Court will arrange for Haynes to watch the video at the Courthouse. (The same is true if the funeral is going to be livestreamed.)

Thus, while the Court extends its heartfelt condolences to Haynes and his family, it must DENY the motion for temporary release.

IT IS SO ORDERED.

Dated: September 13, 2023

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE